IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WEIZHU ZHU, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-4104-CV-C-NKL |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Weizhu Zhu, a citizen of the People's Republic of China, residing in Columbia, Missouri, seeks a writ of mandamus to compel Defendants Michael Chertoff, Secretary of the Department of Homeland Security, Emilio T Gonzales, Director of the United States Citizenship and Immigration Services (USCIS), and Robert S. Mueller, III, Director of the Federal Bureau of Investigation, to immediately adjudicate his immigration application. Both sides move for summary judgment [Docs. # 19, # 20], which this Court now grants for Plaintiff. The case is remanded to USCIS.

**I.     Facts**[1]

---

[1] Defendants' Cross-Motion for Summary Judgment refers to a declaration by Michael A. Cannon for support of certain facts in Zhu's case. However, the declaration attached to Defendants' motion appears to be from a completely different case and thus does not support those facts specific to Zhu. Despite this (as well as Defendants' motion occasionally referencing a different plaintiff), Zhu and Defendants essentially state the same material facts.

1

It has been over four years since Zhu filed a Form I-485 with the USCIS seeking to adjust his immigration status and become a lawful permanent resident. Currently, Zhu is awaiting the conclusion of the required security checks that ensure he is eligible for a change of status and does not pose a risk to public safety. As part of this process, the FBI must clear Zhu through the National Name Check Program. Since 2001, the FBI is working through a backlog of name checks that has resulted in significant delays in processing some requests. And although the FBI received the name check request for Zhu some time ago, it has not yet completed the check. Until the USCIS receives the results of the FBI's name check, it claims it is unable to proceed to a final adjudication on Zhu's immigration application.

Zhu has inquired several times into the status of his application, each time being informed that the USCIS was still waiting for the FBI to complete its name check. He also sent several letters to various people and government entities requesting help. Having no success with these other methods, Zhu filed a petition for a writ of mandamus to instruct the FBI to complete its background check within 30 days and the USCIS to adjudicate his and his family's immigration applications within 60 days of this Court's order.

## II. Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Castillo v. Ridge*, 445 F.3d 1057,

1060 (8th Cir. 2006) (citing *Gipson v. I.N.S.*, 284 F.3d 913, 916 (8th Cir.2002)). In the present case, the parties essentially agree to the material facts, making summary judgment appropriate. *See W.S.A., Inc. v. Liberty Mut. Ins. Co.*, 7 F.3d 788, 790-91 (8th Cir. 1993) (citing *Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688*, 959 F.2d 1438, 1440 (8th Cir. 1992)).

**III.    Discussion**

Federal courts are courts of limited jurisdiction; thus, they are "presumed to be without jurisdiction until the contrary is made affirmatively to appear." *Young v. Main*, 72 F.2d 640, 642 (8th Cir. 1934); *see also Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007). Zhu claims jurisdiction exists under 28 U.S.C. § 1361 (Federal Mandamus Act), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 5 U.S.C. §§ 555, 702 (Administrative Procedure Act). The Declaratory Judgment Act, however, does not provide an independent basis for subject matter jurisdiction. *See Takkallapalli v. Chertoff*, 487 F. Supp. 2d 1094, 1097 (W.D. Mo. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Pub. Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572 (8th Cir. 2003)). Further, the analysis of jurisdiction and relief under the Mandamus Act and the APA are coextensive, negating the need for separate analysis. *Sun v. Chertoff*, No. 07-1525, 2007 WL 2907993, at *3 n.7 (D. Minn. Oct. 1, 2007). A writ of mandamus may be issued only in extraordinary circumstances where "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to

honor that right, and (3) the petitioner has no other adequate remedy." *Castillo*, 445 F.3d at 1060-61; *see also Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

Zhu's jurisdictional arguments are completely dependent on his claim that Defendants owe him a nondiscretionary duty to adjudicate his immigration application, a matter "clearly committed to Defendants' discretion." *Takkallapalli*, 487 F. Supp. 2d at 1097 & n.3 (citing 6 U.S.C. §§ 271(b)(5), 557). Zhu attempts to avoid this bar, claiming that, although he concedes Defendants' ultimate decision to grant or deny his application is discretionary, Defendants still owe him a nondiscretionary duty to conduct its adjudication in a reasonable amount of time. *See* 8 C.F.R. § 209.2(f) (regarding adjudication of immigration applications); *see also* 8 U.S.C. § 1255(a) (adjustment to permanent resident status). This argument also invokes the APA, which states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude the matters presented to it." 5 U.S.C. § 555(b).

Regarding Zhu's Administrative Procedure Act claim, the Court finds it has subject matter jurisdiction under 8 C.F.R. § 209.2, 8 U.S.C. § 1255(a) and 5 U.S.C. § 555(b). *See Qijuan Li v. Chertoff*, No. 07-50, 2007 WL 2123740, at *3 (D. Neb. July 19, 2007); *Haidari v. Frazier*, No. 06-3215, 2006 WL 3544922, at *4 (D. Minn. Dec. 8, 2006) (citing *Aboushaban v. Mueller*, No. 06-1280, 2006 WL 3041086, at *1-*2 (N.D. Cal. Oct. 24, 2006)); *Am. Acad. of Religion v. Chertoff*, No. 06-588, 2006 WL 1751254,

at *16 (S.D.N.Y. June 23, 2006); *Dabone v. Thornburgh*, 734 F. Supp. 195, 200 (E.D. Pa. 1990)); *see also Takkallapalli*, 487 F. Supp. 2d at 1098 (assuming defendants owed plaintiff nondiscretionary duty to adjudicate application in a reasonable time). Zhu has a clear, indisputable and nondiscretionary right to have the USCIS adjudicate his application within a reasonable time. *See Haidari*, 2006 WL 3544922, at *4 (citing *Aboushaban*, 2006 WL 3041086, at *2; *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391-92 (S.D.N.Y. 2004)); *see also Sawad v. Frazier*, No. 07-1721, 2007 WL 2973833, at *2-*3 (D. Minn. Oct. 9, 2007) (finding clear, indisputable and nondiscretionary right and rejecting government's argument that 8 U.S.C. § 1252(a) precludes judicial review); *Konchitsky v. Chertoff*, No. 07-00294, 2007 WL 2070325, at *3 (N.D. Cal. July 13, 2007); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 152-55 (D. Mass. 2007) (finding clear, indisputable and nondiscretionary right and rejecting government's argument that § 1252(a) precludes judicial review); *Pool v. Gonzales*, No. 07-258, 2007 WL 1613272, at *2 (D.N.J. June 1, 2007); *Song v. Klapakas*, No. 06-05589, 2007 WL 1101283, at *3 (E.D. Pa. Apr. 12, 2007).

But determining what is a reasonable time is a more nuanced question. "In determining reasonableness [for purposes of § 555(b) of the APA], we look to the source of delay—e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Haidari*, 2006 WL 3544922, at *5 (quoting *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 120 (2d Cir. 1999)); *see also Takkallapalli*, 487 F. Supp. 2d at 1098 (citing *Pub. Citizen Health*

5

*Research Group v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 35 (D.C. Cir. 1984)). In the immigration context, unreasonableness "depends to a great extent on the facts of the particular case." *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999).

In the present case, Zhu filed his I-485 on September 5, 2003. Over four years later, he is still waiting for the FBI to complete its name check and for the USCIS to adjudicate his application. Defendants give no reason for this delay other than that, due to increased national security, there is a backlog of immigration applications. Other courts have rejected this general argument, explaining plaintiffs, such as Zhu and his family, are already living and working in the United States while the application is pending. *See Tang*, 493 F. Supp. 2d at 158. "While FBI background checks are important and may sometimes require extensive amounts of time, the FBI's delay here does not negate the USCIS's duty to process the Plaintiffs' applications in a reasonable time, both upfront when receiving the forms, and later when receiving the requested information from the FBI." *Haidari*, 2006 WL 3544922, at *6. Although the Court understands there is a high volume of applications and scarce resources, that is not Plaintiff's burden to remedy. *See Tang*, 493 F. Supp. 2d at 158; *see also Haidari*, 2006 WL 3544922, at *6 ("The [US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely." (quoting *Kim*, 340 F. Supp. at 393)).

Several courts have found four year delays (or less) unreasonable in similar circumstances. *See Konchitsky*, 2007 WL 2070325, at *6 ("Under these facts, and

6

without a particularized explanation for the delay, the court finds the more than two year delay of plaintiff's application unreasonable as a matter of law."); *Tang*, 493 F. Supp. 2d at 157 (holding that four year delay was "far to the 'unreasonable' side"); *Haidari*, 2006 WL 3544922, at *6 (holding that six and four year delays were unreasonable); *see also Paunescu v. I.N.S.*, 76 F. Supp. 2d 896, 902, 935 (N.D. Ill. 1999) (holding that two years is unreasonable); *Yu*, 36 F. Supp. 2d at 932 (holding that two and a half years is unreasonable); *Agbemaple v. I.N.S.*, No. 97-8547, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998) (holding 20 month delay unreasonable); *Galvez v. Howerton*, 503 F. Supp. 35 (C.D. Cal. 1980) (holding that six month delay is unreasonable); *cf. Sawad*, 2007 WL 2973833, at *5 (denying defendants' motion to dismiss because plaintiffs properly stated claim); *Salehian v. Novak*, No. 06-459, 2006 WL 3041109, at *4 (D. Conn. Oct. 23, 2006) (stating, in denying defendants' motion to dismiss, that "[t]he circumstances in the instant case [of a more than two year delay] do not lead this Court to conclude beyond a doubt that Defendants' delay is reasonable"). *But see Takkallapalli*, 487 F. Supp. 2d at 1099 (finding three year delay reasonable). Even the FBI's own Fact Sheet states that 80 percent of checks take only two weeks and less than 1 percent take longer than six months, suggesting four years is considerably beyond the norm. *See also Konchitsky*, 2007 WL 2070325, at *5 ("Although the average times for processing applications and, in particular, FBI security checks, are not a *per se* measure of reasonableness of processing time, they offer a good indicator of whether a delay is reasonable."). Congress itself recommends "that the process of an immigration benefit application should be completed

7

not later than 180 days after the initial filing of the application . . . ." 8 U.S.C. § 1571 (stating policy).

Thus, under the facts of this particular case, the Court holds that the more than four year delay of Zhu's immigration application is unreasonable. The Court is mindful of the government's national security concerns in processing applications, but this does not give the government the right to indefinitely delay Zhu's application. *See Konchitsky*, 2007 WL 2070325, at *5 ("Although defendants assert that the delay results from 'increased national security issues and not agency inaction,' defendants have not shown how national security concerns are a reason for the delay in *plaintiff's* application."); *Haidari*, 2006 WL 3544922, at *6 (explaining USCIS does not have "unfettered discretion to relegate aliens to a state of 'limbo'"). Moreover, Zhu alleges that he has exhausted all administrative remedies and Defendants do not dispute that he has done so. Therefore, the USCIS must adjudicate Zhu's application expeditiously, or, at the latest, within 90 days. *See Qijuan Li*, 2007 WL 2123740, at *3 ("However, the defendant Attorney General oversees both USCIS and the FBI, so shifting the onus to the FBI does not show timeliness."); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004) ("[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").

Defendants respond that the USCIS has no power to expedite the FBI's name check and threaten that, if the Court orders adjudication, the USCIS might have to

8

exercise its discretion and deny Zhu's application for lack of a satisfactory background check.  However, this is not an acceptable excuse.  *See Qijuan Li*, 2007 WL 2123740, at *3 (rejecting USCIS's argument that "the delay is out of their hands to the extent they rely on the FBI to conduct the name check for background clearance" because the "Attorney General oversees both USCIS and the FBI so shifting the onus to the FBI does not show timeliness").  Although the Court cannot directly compel the FBI to perform name checks in connection with adjustment of status petitions, *see Konchitsky*, 2007 WL 2070325, at *6, other courts addressing the issue in the naturalization context have found they may remand to USCIS with instructions that the FBI complete its name check within a certain timeframe.  *See Alhamedi v. Gonzales*, No. 07-2541, 2007 WL 1573935, at *4 (S.D.N.Y. May 30, 2007) (citing cases).  The Court has no doubt that 90 days gives the USCIS more than enough time to request that the FBI expedite and complete Zhu's name check (which has been pending for over four years) so that it can fulfill its obligations under this Order.  *See Tang*, 493 F. Supp. 2d at 158 ("Further, if the government adjusts Tang's status in error due to haste (if performing a 72-hour check within four years can be called 'haste'), the INA allows it to rescind the status and initiate removal proceedings on the basis that he was inadmissible at the time of admission." (citing 8 U.S.C. §§1227(a)(1)(A), 1245(a)).

**IV.    Conclusion**

Accordingly, it is hereby

9

ORDERED that Plaintiff Weizhu Zhu's Motion for Summary Judgment [Doc. #19] is GRANTED and the above-captioned case REMANDED to USCIS. The USCIS is ORDERED to complete its adjudication of Plaintiff's I-485 application within 90 days of the date of this Order. Upon completion of the adjudication, the USCIS shall promptly file an affidavit demonstrating compliance. The Court retains jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order. It is further

ORDERED that Defendants' Cross-Motion for Summary Judgment [Doc. # 20] is DENIED.

    s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: December 11, 2007
Jefferson City, Missouri